UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| CHRIS E. FENDERSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:13-CV-075 RM |
| | ) | |
| SUPERINTENDENT | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Chris E. Fenderson, a *pro se* prisoner, filed a habeas corpus petition to challenge two prison disciplinary proceedings that arose from related incidents at the Westville Correctional Facility on April 8, 2012. In WCC 12-4-218, the Disciplinary Hearing Body (DHB) found him guilty of Disorderly Conduct in violation of B-236 on April 20, 2012. In WCC 12-4-230, the DHB found him guilty of Assault on Staff in violation of A-117 on April 23, 2012. Mr. Fenderson presents four grounds in his petition, but none of them relate to the B-236 violation in case WCC 12-4-218. They are all addressed to the A-117 violation in WCC 12-4-230. Therefore, this petition presents no basis for relief in connection with the B-236 violation.[1]

First, Mr. Fenderson argues that there was no medical report showing that the officer suffered a serious bodily injury. A violation of A-117 does not require inflicting

---

[1] Moreover, it doesn't appear that Mr. Fenderson appealed the WCC 12-4-218 case to the Final Reviewing Authority because all of the appeal paperwork that he has attached is related to the WCC-12-4-230 case. Thus, even if he had raised any B-236 claims, it appears that they would be procedurally defaulted. *See* Moffat v. Broyles, 288 F.3d 978, 982 (7th Cir. 2002).

"serious bodily injury." Rather, it merely requires "bodily injury" which is defined as, "Any injury which causes a physical impairment, including physical pain." ECF 1-1 at 12. There is no requirement that the DHB base its determination on a medical report, only that its decision be based on some evidence. In evaluating whether there is adequate evidence to support the findings of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent v. Hill, 472 U.S. 445, 455-456 (1985). "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." Id. at 457. Even a conduct report alone can provide evidence sufficient to support the finding of guilt. McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999). The officer who was assaulted wrote, ""he (Fenderson) hit my arm with an open hand and grabbed the upper collar of my uniform shirt attempting to push me back (ripping the button off my shirt and braking my necklace)." ECF 1-1 at 3. Though the officer doesn't specifically mention feeling pain, this statement provides some evidence that the officer experienced physical pain when struck by Mr. Fenderson's hand.

The second and third grounds raised are both related to the charge being upgraded from B-212 to A-117. When Mr. Fenderson was taken to segregation immediately after the incident, the segregation/confinement report indicated that he had assaulted a staff in violation of B-212. ECF 1-1 at 1. But when the conduct reports were written, it upgraded the violation to A-117 and added a separate violation for B-236. Mr. Fenderson argues that this violated prison policies and his due process rights. "In conducting habeas review, a

2

federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Whether a prison policy was violated is irrelevant in this proceeding.

Wolff v. McDonnell, 418 U.S. 539 (1974), requires advance notice of sufficient facts to inform the accused of the behavior with which he is charged, it does not require such a notice to specify the specific number of the rule violation, its severity, nor even the case number assigned to the hearing. Neither does it require that segregation reports list every possible charge that an inmate might later face. In Northern v. Hanks, 326 F.3d 909, 911 (7th Cir. 2003), the circuit found no due process violation where the Final Reviewing Authority changed the charge on appeal – long after the hearing.

> Because the factual basis of the investigation report gave [him] all the information he needed to defend against the [fleeing] charge, the reviewing authority's modification did not deprive [him] of his due process rights. *See Holt v. Caspari*, 961 F.2d 1370, 1373 (8th Cir. 1992) (prison disciplinary committee did not deny petitioner due process by elevating charge from "possession of contraband" to "possession of dangerous contraband" because the factual basis for both charges was the same).

Northern v. Hanks, 326 F.3d 909, 911 (7th Cir. 2003). Mr. Fenderson was provided with an adequate description of the factual basis of the charges against him. Changing the number of the offense was not a due process violation.

Fourth, Mr. Fenderson argues that the reporting officer lied in the conduct report. "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke

3

good time credits has some factual basis. Superintendent v. Hill, 472 U.S. at 457 (quotations marks and citation omitted). Mr. Fenderson argues that he wasn't told to cuff-up and that he didn't leave the chow hall. He does not say that he didn't assault the guard. In fact, he admits it. "I will stand up to my part, I did grab him." ECF 1-1 at 2. Though Mr. Fenderson argues that the guard grabbed him first,

> [I]nmates do not have a constitutional right to raise self-defense as a defense in the context of prison disciplinary proceedings. As such, the [DHB] was under no constitutional obligation to allow [the] claim that he was merely defending himself to serve as a complete defense to the charge of assault. She was permitted, as she did, to find [the inmate] guilty based on his admission alone, regardless of motivation.

Jones v. Cross, 637 F.3d 841, 848 (7th Cir. 2011) (citation omitted). Thus, in determining whether there is some evidence, the court "need look no further than one key piece of evidence: [his] confession." Scruggs v. Jordan, 485 F.3d 934, 940 (7th Cir. 2007).

For the foregoing reasons, the habeas corpus petition is DENIED pursuant to 2254 Habeas Corpus Rule 4.

SO ORDERED.

ENTERED: March  5 , 2013          /s/ Robert L. Miller, Jr.
                                   Judge
                                   United State District Court